IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16-03024-CR-S-MDH |
| | ) | |
| SAFYA ROE YASSIN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion to Revoke or Amend the Magistrate's Order Detaining Defendant. (Doc. No. 30). Defendant moves the Court to review the Order detaining her without bond pursuant to 18 U.S.C. § 3145(b) and to release her on bond during the pendency of this criminal action. On April 29, 2016, the Court conducted a hearing on the motion, received evidence, and heard argument from the parties. The parties subsequently filed post-hearing briefs. Defendant's motion is now ripe for review and for the reasons set forth below, the Court denies Defendant's Motion.

## BACKGROUND

On February 17, 2016, a criminal complaint was filed against Defendant alleging the defendant did knowingly, for the purpose of issuing a threat and with knowledge that the communication would be viewed as a threat, transmit in interstate and foreign commerce a communication containing a threat to injure the person of another, in violation of Title 18, United States Code, Section 875(c). The government moved for detention of the Defendant and the Magistrate conducted a hearing on the motion. After the hearing, the Magistrate issued an Order finding by clear and convincing evidence that the Defendant is a danger to the community,

1

and further ordered that the Defendant be committed to the custody of the Attorney General. (Doc. No. 25). On February 23, 2016, the same day as the original detention hearing, the grand jury returned a single count indictment – Count I, interstate threatening communication, which states:

> On or about August 24, 2015, in the Western District of Missouri, and elsewhere, defendant SAFYA ROE YASSIN, with the intent to threaten, and with knowledge that the communication would be viewed as a threat, knowingly transmitted in interstate and foreign commerce via the Internet, a communication containing a threat to injure the person of another, that is, a communication with the explicit phrase "Wanted to kill" followed by the first and last name, status as an employee of the Federal Bureau of Investigation, city of residence, zip code, and phone number of Victim 1, and then, in the same communication, repeated the same explicit "Wanted to kill" phrase followed by the first and last name, status as an employee of the Federal Bureau of Investigation, city of residence, zip code, and phone number of Victim 2. All in violation of Title 18, United States Code, Sections 875(c) and 2.

## STANDARD OF REVIEW

This Court reviews a magistrate's pre-trial order of detention *de novo*. *United States v. Maull,* 773 F.2d 1479, 1481 (8th Cir. 1985). Therefore, the Court reviews the magistrate's order by making the same inquiries under 18 U.S.C. § 3142. *Id.* at 1482.

The Court looks to the following factors to determine if release conditions exist that would reasonably assure the appearance of Defendant at trial and the safety of the community:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse,

2

> criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

Here, Defendant has been charged with knowingly issuing a threat, with knowledge that the communication would be viewed as a threat, to injure a person. The nature and circumstances of this offense, in and of itself, concerns the safety of the community. Defendant's dissemination of messages that were threatening in nature, or were an attempt to incite violent actions, is certainly representative of actions that would constitute a danger to the community. Further, the government points out that Defendant's messages target not only groups but also individuals, including names, addresses and employment information.

Neither Defendant's religious beliefs nor her non-violent political beliefs or leanings are grounds for pretrial detention. However, her efforts to incite violence and expressed willingness to facilitate violence, or even act as an accomplice to those willing to engage in violence, are of great concern and justify pretrial detention. Evidence found on Defendant's computer and/or cell phone includes comments and messages stating: "Muslim men everywhere and hardly any attacks…" "it makes me so sick… like get off twitter and do something… my posts are directed at men… trying to incite…" She further comments regarding gay parades and Jews by saying "I've thought of many things and places… I've toured many too… I know every synagogue

3

where I live and most cities…" The evidence further includes Defendant's posting of photos of President Obama kneeling down in an orange jumpsuit in front of what appears to be a hooded executioner or other photographs of him being attacked by other means. In addition, Defendant has posted messages of FBI agents, army personnel, and other government employees' personal information, including phone numbers, and has also identified individuals on a "wanted to kill" list. The evidence before the Court at this time also establishes that Defendant was researching pipe bomb instructions, detonator instructions and images of suicide vests.

The Court finds there is evidence to support that a significant danger to the community would be posed by Defendant's release in light of her threatening messages targeting certain groups, places, and individuals, including military officers and government employees, with references to threats of their safety, along with research of how to make bombs or other explosives.

Defendant made an objection during the hearing, and subsequently filed her suggestions in support of her objections, regarding exhibits that were offered by the government. In the post hearing brief, Defendant argues a proper foundation was not laid for Exhibit 7, "Safya Roe Yassin – Review of Social Media, Computer and Phone Timeline (March 2015-April 2016)"[1] and therefore the Court should not give any evidentiary weight to this exhibit. The exhibit contains what the Court has been told is a portion of the information found on Defendant's computer and phone. The government presented what it called an "80 page summation" of over 22 gigs of evidence. Defendant objects to the exhibit arguing there are translations throughout that exhibit that have not been properly identified and that the editing of documents contained

---

[1] Defendant refers to this exhibit as Exhibit 11, however, the Exhibit was numbered as 7 during the hearing.

4

throughout the exhibit are misleading.  Defendant argues there is no foundation for either of these categories throughout the entire exhibit.

The government argues the Federal Rules of Evidence do not apply to detention hearings and therefore Defendant's objections should be overruled.  See, Fed.R.Evid. 1101(d)(3); See 18 U.S.C. § 3142(f); *United States v. Payne,* 660 F.Supp. 288, 292 (E.D. Mo.), aff'd, 822 F.2d 1095 (8th Cir. 1987).  This Court agrees.  The Court may take into account information presented at the *de novo* hearing on detention that may not be admissible during the trial.  The Court admitted this exhibit over Defendant's objection during the hearing and Defendant's objection is still overruled.

The Court took government exhibits 3A and 8 under advisement.  Exhibit 3A is a Complaint from the Sheriff's Department of San Bernardino, California and Exhibit 8 is a Report of Examination of the Heart of America Regional Computer Forensics Laboratory.  Defendant did not further brief her objections after the hearing.  The Court admits both exhibits for purposes of the detention review hearing.  However, while the government argues Exhibit 3A should be admitted as evidence of Defendant's criminal history and threats of violence, the Court gives this evidence little weight.  Exhibit 3A represents evidence of a domestic dispute and custody dispute regarding Defendant's daughter.  Defendant argued at the hearing that she feared for her daughter's safety and that was the reason for the facts set forth in Exhibit 3A.  The Court does not need to further analyze this specific exhibit for purposes of Defendant's detention hearing.  The record contains sufficient evidence to find in favor of Defendant's detention, as set forth herein, without giving substantial weight to Exhibit 3A.

Defendant objected to Exhibit 8, the forensic report, arguing the government did not lay the proper foundation because there was no testimony regarding the computer forensics or

5

manner in which the report was conducted. The government argued the report was outsourced to analyze Defendant's laptop and hard drive. While the Court agrees the proper foundation may not have been laid pursuant to the federal rules of evidence for trial, the Court finds those rules do not apply for purposes of Defendant's detention hearing.

In light of the nature of the instant offense pending against Defendant, along with the information discovered on Defendant's computer, internet and phone, this Court finds no conditions that would reasonably assure the safety of other persons or the community when considering the factors set forth in section 3142(g).

Therefore, after a *de novo* review of the record before the Court, including the indictment, the pretrial services report, the hearing transcript and evidence from the February 23, 2016 hearing, the evidence and argument presented at the hearing before this Court and the parties briefing, the Court finds by clear and convincing evidence that Defendant is a danger to the community and there are no conditions or combination of conditions that will assure the safety of the community.

## CONCLUSION

Based on the Court's *de novo* review of the Magistrate's Order, the Court **DENIES** Defendant's Motion to Revoke or Amend the Magistrate's Order Detaining Defendant. (Doc. No. 30). The Order of the Magistrate Judge (Doc. No. 25) is **AFFIRMED.**

**IT IS SO ORDERED.**

Dated: May 20, 2016

                                             */s/ Douglas Harpool*
                                             **DOUGLAS HARPOOL**
                                             **UNITED STATES DISTRICT JUDGE**