IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 16-3024-01-CR-S-MDH |
| | ) | |
| SAFYA ROE YASSIN, | ) | |
| | ) | |
| Defendant. | ) | |

### MOTION TO DISMISS SUPERSEDING INDICTMENT
### FOR VINDICTIVE PROSECUTON

COMES NOW Defendant, Safya Roe Yassin, and moves this Honorable Court, pursuant to Fed. R. Crim. P. 12(b)(2) to dismiss the Superseding Indictment for violations of Ms. Yassin rights pursuant to the Due Process Clause of the Fourteenth Amendment, based upon the following:

### SUGGESTIONS

**I.   BACKGROUND**

On February 23, 2016, a grand jury in the Western District of Missouri returned a one-count Indictment (Doc. 18) charging that Ms. Yassin violated 18 U.S.C. § 875(c) and 2, by knowingly transmitting in interstate commerce:

> a communication containing a threat to injure the person of another, that is, a communication with the explicit phrase "Wanted to kill" followed by the first and last name, status as an employee of the Federal Bureau of Investigation, city of residence, zip code, and phone number of Victim 1, and then, in the same communication, repeated the same explicit "Wanted to kill" phrase followed by the first and last name, status as an employee of the Federal Bureau of Investigation, city of residence, zip code, and phone number of Victim 2.

On February 16, 2016, the Federal Public Defender's Office for the Western District of Missouri was appointed to the above referenced case.

On February 19, 2016, the government filed a Motion for Detention of Ms. Yassin. (Doc. 13).

On February 23, 2016, Ms. Yassin filed her Response to the government's Motion for Detention. (Doc 16).

On February 26, 2016, the Magistrate Court detained Ms. Yassin. (Doc. 25).

On March 18, 2016, Ms. Yassin filed a Motion to Revoke or Amend the Magistrate's Order Detaining Defendant. (Doc. 30).

On March 23, 2016, the Magistrate Court issued a Protective Order, essentially gagging only Ms. Yassin and her defense team in regards to the discovery in the above referenced case. (Doc. 31).

On March 23, 2016, the Magistrate Court, at the urging of Ms. Yassin, stayed the Protective Order. (Doc. 32).

On March 23, 2016, Ms. Yassin filed a Motion to Rescind and Objection to Protective Order. (Doc. 33).

On March 24, 2016, Ms. Yassin filed a Motion to Compel discovery, since by this time the government had failed to abide by the Court's order regarding discovery. (Doc. 34).

On April 5, 2016, the Magistrate Court held a hearing to discuss the Motion to Compel.

On April 14, 2016, the government filed a Motion to Continue Ms. Yassin's trial. (Doc. 46).

On April 15, 2016, Ms. Yassin filed an objection to the government's Motion to Continue the trial setting. (Docs. 47-48).

On April 21, 2016, the Magistrate Court grants the government's Motion to Continue the trial setting, over Ms. Yassin's objections. (Doc. 49).

On April 29, 2016, the District Court held a hearing in regards to Ms. Yassin's Motion to Revoke or Amend the Magistrate's Order Detaining Defendant.

On this same date, a CIPA meeting is held in chambers in which the government informs the District Court that a determination regarding whether any discovery not yet given to Ms. Yassin is, or is not, classified, will be made by July 11, 2016. This is done with the knowledge that a September 2016 trial date has been set by the Court.

On May 20, 2016, the District Court denies Ms. Yassin's Motion to Revoke or Amend the Magistrate's Order Detaining Defendant. (Doc. 61).

On May 20, 2016, a notice of appeal is filed, in which Ms. Yassin files an interlocutory appeal regarding the District Court's adopting the order of detention. (Doc. 62).

On July 6, 2016, the government filed a Motion for Extension to File a pleading pursuant to CIPA. (Doc. 66). The government had been ordered to make it known to the Court and the parties if there would be any classified discovery in this case by July 11, 2016. The government, in this Motion, sought an extension to July 25, 2016.

On July 7, 2016, Ms. Yassin informed the Court that she had no position regarding the government's motion for an extension of time. (Doc. 67).

On July 11, 2016, Ms. Yassin filed a Motion to Dismiss the Indictment (Doc. 71). for violation of the First Amendment to the United States Constitution, alleging various grounds for violation.

On July 19, 2016, the grand jury returned a Superseding Indictment (Doc. 73), adding a count of Conspiracy to Solicit others to commit a crime, and another count of making interstate threats.

On July 25, 2016, the government filed a Motion for Second Extension to File regarding CIPA discovery. (Doc. 75).

On July 26, 2016, the Magistrate Court granted the government's motion and enlarged the time to and including August 1, 2016, in which in which the government can file a pleading pursuant to § 4 of the Classified Information Protection Act (CIPA). (Doc. 76).

## II. LEGAL AUTHORITY

The Due Process Clause is "not offended by all possibilities of increased punishment . . . but only by those that pose a realistic likelihood of 'vindictiveness.'" *Blackledge v. Perry*, 417 U.S. 21, 27 (1974). The Supreme Court also found that there was no need for the Court to find "bad faith" or malice on the part of the prosecutor, but that "'the fear of such vindictiveness may unconstitutionally deter a defendant's exercise'" of

4

constitutional or statutory rights. *Id.* at 28, *quoting North Carolina v. Pearce*, 395 U.S. 711 (1969).

"In order to demonstrate prosecutorial vindictiveness, a defendant must show that the superseding indictment containing the additional charges was sought in retaliation for exercising constitutional or statutory rights." *United States v. Chappell*, 779 F.3d 872, 879 (8th Cir. 2015).

In determining what factors the Court should take into consideration, the Eighth Circuit listed out some factors in *United States v. Punelli*, 892 F.2d 1364 (8th Cir. 1990). The Eighth Circuit affirmed the District Court's denial of Punelli's vindictive prosecution claim, finding that the decision to seek a superseding indictment occurred prior to Punelli's filing of an appeal; secondly, the government sought the superseding indictment based upon evidence elicited in the first trial, which ended in a mistrial, giving the government the opportunity to file a superseding indictment; third, the superseding indictment was based upon "newly discovered evidence," and; finally, a re-interview of government witnesses enabled the government to prove other criminal events. *Id.* at 1372.

However, even if the defendant fails to show objective evidence of prosecutorial vindictiveness, in rare circumstances, the defendant can rely upon a presumption of vindictiveness if he provides sufficient evidence to show a reasonable likelihood of vindictiveness exists. *Id.*

> Although a rebuttable presumption of vindictiveness may arise when prosecutors increase the number or severity of the charges, "if any objective event . . . should indicate to a reasonable minded defendant that the prosecutor's decision to increase the severity of the charges was motivated

5

by some purpose other than a vindictive desire to deter or punish . . . no presumption of vindictiveness is created."

*Id.* at 1371, *quoting United States v. Krezdorn*, 718 F.2d 1360 (5th Cir. 1982).

In *United States v. Rodgers*, 18 F.3d 1425 (8th Cir. 1994), the Eighth Circuit, like in *Punelli*, also discussed factors to consider regarding a vindictive prosecution motion. In *Rodgers*, the defendants alleged vindictive prosecution after the government added new charges after a mistrial.

The Eighth Circuit found that the superseding indictment was not filed in reaction to the defendants' exercise of a legal right stating "The additional charges here were brought by reindictment following a mistrial on the conspiracy charge, and not because the defendants elected to proceed initially by jury trial." *Id.* at 1430. In addition to this, the Court found that reindictment after an acquittal on similar conduct by a jury did not constitute vindictiveness by the government because "acquittals of the possession with intent to distribute . . .in the first indictment did not involve the exercise of a right that would give rise to a presumption of vindictive motive on the part of the government." *Id.* at 1430-1431.

> "As noted, the mistrial and additional charges were not the result of the exercise of a right by the defendants. As to the gun count, the government contends that although the evidence necessary to charge the gun count was available and within the knowledge of the law enforcement officers, the prosecutors were not actually aware that the gun was found loaded and in the house until it was too late to seek a superseding indictment prior to the first trial . . . The government also contends that the evidence supporting [the superseding indictment] was largely discovered and corroborated shortly before the first trial or immediately thereafter."

*Id.* at 1431.

6

## III. ARGUMENT

While Ms. Yassin contends that there is evidence that supports a presumption of vindictiveness, Ms. Yassin is confident that she can show evidence that the Superseding Indictment was sought in retaliation for exercising her constitutional and statutory rights.

At every step in this case, the government has attempted, and at times been successful, in frustrating Ms. Yassin's right to prepare a defense. Of course, Ms. Yassin has also countered and responded with motions and argument, attempting to expose the government's attempts to end-run Ms. Yassin's rights.

The government began this case by violating this Court's order in regards to the discovery. As of today's date, which is almost 180 days beyond the Court's original discovery order, Ms. Yassin still has not yet received all the discovery due to her.

The government sought, and won, a one-sided gag order, further hindering Ms. Yassin to prepare her defense.

The government has sought a continuance of Ms. Yassin's trial setting, which was granted, all over Ms. Yassin's objection.

This Court, knowing the importance of preparing for the trial date in September, ordered the government to notify the parties by July 11 if there was going to be CIPA documents involved with the discovery. July 11 came and went, and the government asked for a continuance until July 25, which also came and went with no discovery. At this point, Ms. Yassin is still waiting for discovery and the government has asked until August 1, 2016, to decide if any documents will be covered by CIPA.

7

The government has had to respond in two hearings regarding Ms. Yassin's detention status, and has had to answer an interlocutory appeal to the Eighth Circuit on this issue.

This all culminated in Ms. Yassin's Motion to Dismiss based upon the First Amendment. In this motion, Ms. Yassin has stated various violations of her rights that have been perpetrated by the government in the charging and handling of this case. In this Motion, she has asked the Court to dismiss the original Indictment. The government has yet to respond to this Motion, which was due on July 28, 2016.

But it is clear why the government has been less than forthcoming with discovery, and with responding to Ms. Yassin's motions; they are using the Superseding Indictment as retaliation for her Motions.

By doing this, the government has stopped the clock regarding the discovery; they have stopped the clock regarding response Motions; they have stopped the clock regarding Ms. Yassin's trial setting.

All based upon a Superseding Indictment that is predicated on evidence that has been available to the government since the beginning of their investigation.

Ms. Yassin understands that the Eighth Circuit has not given an exhaustive list of factors when finding vindictive prosecution. However, contrasting the *Punelli* and Rodgers cases gives further evidence of the vindictive nature of the government.

Unlike *Punelli*: the Superseding Indictment was sought **after** Ms. Yassin has asserted her constitutional and statutory rights; there has been no mistrial or dispositive

order in this case that would have given rise to a Superseding Indictment; the added charges of this Superseding Indictment are not based upon newly discovered evidence; and lastly, no witness testimony has been elicited that would support the additional charges.

Unlike *Rodgers*: the Superseding Indictment was sought after Ms. Yassin had filed various motions, culminating in her Motion to Dismiss (Doc. 71); The government actions were predicated upon her assertion of statutory and constitutional right, and not in reaction to a dispositive outcome in the case; the evidence for the Superseding Indictment was known and in possession of the government well before the seeking of the original indictment, and therefore this superseding indictment is not based upon new evidence or any "late breaking" testimony of witnesses.

If we use *Punelli* and *Rodgers* as a guide, there is clear evidence that the government has superseded against Ms. Yassin out of spite due to her assertion of her rights in defense of the initial indictment.

These bullying tactics are meant to merely harass and frustrate Ms. Yassin's defense. They only serve to make Ms. Yassin fearful in asserting her rights, putting a chill upon the Due Process Clause. These tactics represent the worst of our system, and do not attempt to meet the ends of justice.

WHEREFORE, for the reasons states above, Ms. Yassin moves this Court to grant her Motion and dismiss the Indictment in the above referenced case.

9

Respectfully submitted,

*/s/ Ian A. Lewis*
**IAN A. LEWIS, #52819**
Assistant Federal Public Defender
901 St. Louis Street, Suite 801
Springfield, Missouri 65806
(417) 873-9022
Attorney for Defendant

July 29, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of July, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants in this case and a copy was mailed, via the United States Postal Service, to all non-CM/ECF participants.

*/s/ Ian A. Lewis*
**IAN A. LEWIS**