# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | No. 16-3024-01-CR-S-RK |
| SAFYA ROE YASSIN, | |
| **Defendant.** | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SUPERSEDING INDICTMENT FOR VINDICTIVE PROSECUTION (Doc. 78)

The United States of America, by and through its undersigned counsel, respectfully submits this response in opposition to defendant Safya Roe Yassin's motion to dismiss the Superseding Indictment. (Doc. 78.)  For the reasons set forth below, the Government respectfully recommends that Yassin's motion be denied.

## I.  Summary

Yassin is charged in a superseding indictment with one count of conspiracy to solicit a crime of violence and two counts of transmitting in interstate commerce communications containing a threat to injure the person of another.  Within her motion, Yassin asks this Court to dismiss the superseding indictment because it was allegedly filed in retaliation of her filing pretrial motions.  The law, however, is well-settled that prosecutors do not commit misconduct by seeking to file additional charges based on the available evidence prior to trial.  Prosecutors are given broad discretion to evaluate and

reassess the strength of the available evidence and to determine which charge or charges are in the interest of the public.

Yassin faces a heavy burden to show vindictive prosecution for additional charges raised prior to trial; and she simply fails to provide any objective evidence to suggest that the filing of a superseding indictment was sought to punish Yassin for her filing routine pretrial motions, especially where her motions were denied and no relief was granted. Yassin's motion fails to identify a single valid legal right the assertion of which could provide the basis for a vindictive prosecution claim, let alone provide any evidence of malice by the Government in seeking superseding charges, and thus, her motion should be denied.

## II. <u>Background</u>

On February 17, 2016, a criminal complaint, alleging a violation of 18 U.S.C. § 875(c), was filed against Yassin, charging her with transmitting in interstate commerce communications containing a threat to injure the person of another on or about August 24, 2015. (Doc. 1.)[1] On February 18, 2016, Yassin made her initial appearance. (Doc. 5.) On February 23, 2016, the grand jury returned a single-count indictment against Yassin for her violation of 18 U.S.C. § 875(c). (Doc 18.) Also on February 23, 2016, a detention hearing was held, after which the Magistrate Court ordered Yassin be detained pending trial. (Doc 22.) At the conclusion of the detention hearing, the

---

[1]"Doc" – All references to Document (Doc) are items listed in Criminal Docket Sheet for Case No. 6:16-cr-03024-MDH-1.

Magistrate Court found by clear and convincing evidence that the defendant is a danger to the community and issued a final Order of Detention on February 26, 2016. (Doc. 25.)

On March 7, 2016, the Government filed a motion for a pretrial conference pursuant to the Classified Information Procedures Act (CIPA) in an effort to inform the Court and the defendant about classified material that was collected as part of the underlying investigation and how classified information will be the subject of certain statutory procedures pursuant to CIPA, as well as other applicable rules, statutes, and case law. (Doc 28.) The Government, after March 7, 2016, informed Yassin's counsel that the government would not be able to produce certain discovery until after the Court ruled upon the government's forthcoming motion for a protective order under § 4 of CIPA. That motion was filed *ex parte* and under seal on August 1, 2016, with the Classified Information Security Officer, with delivery to this Court scheduled for approximately a week later.

On March 17, 2016, the Government emailed Yassin's counsel and informed him that a protective order was needed to prevent the dissemination of discovery outside of the defense team. On said date, the Government provided defense counsel a copy of the proposed Protective Order and also made defense counsel aware, at the time, that the Government had approximately 16,000 pages of discovery that the Government was willing to provide once the protective order was signed.

On March 18, 2016, the defendant filed a motion to revoke or amend the Magistrate's Court detention order and sought a *de novo* hearing on the issue of pretrial

3

detention. (Doc. 30.) On March 23, 2016, the Government emailed and discussed with defense counsel that the United States National Security Division required that the protective order be in place prior to the release of discovery. During the telephone conference, Yassin's counsel offered changes to the proposed Protective Order and the Government willingly made those changes. On said date, the Government provided the Magistrate Court the proposed protective order with the changes recommended by the defense counsel, and it was issued. (Doc. 31.) Shortly thereafter, the defendant then filed a motion to Rescind and Objections to the Protective Order and a motion to Compel Production of Discovery. (Doc. 33, 34.) On April 14, 2016, the Magistrate Court entered a new protective order, vacated the previous protective order, and denied as moot Yassin's motion to compel. (Doc. 45.)

An evidentiary hearing was held on April 29, 2016, regarding the defendant's appeal to the District Court of the Magistrate Court's order to detain the defendant pending trial. During the hearing, counsel for the defendant stated that it was his understanding that superseding charges were likely in this case because the Government "knew when they sought the indictment for these charges that there were other charges that they may want to file." (Doc. 58 at 122:3-5.)

On May 20, 2016, the District Court issued an order denying Yassin's motion to revoke the Magistrate's detention order. (Doc 56, 61.) Yassin filed a timely notice of appeal on May 24, 2016, Case No. 16-2488, under the Federal Rule of Appellate Procedure 9, requesting that the Eighth Circuit overrule the court's order of detention.

(Doc. 62.) The Eighth Circuit denied Yassin's motion and issued its mandate on July 14, 2016. (Doc. 72.)

On July 8, 2016, without prior notice to the Government, the defendant filed a motion for leave to file motions out of time. (Doc. 68.) The Government did not oppose that motion, and the Court granted it on July 11, 2016. (Doc. 69 and 70.) Later, that same day, the defendant filed a motion to dismiss. (Doc. 71.) The Government's response to that motion is currently due August 11, 2016. (Doc. 79.)

On July 19, 2016, the grand jury returned a superseding indictment charging Yassin with conspiracy in violation of 18 U.S.C. § 371, and two counts of interstate threatening communication in violation 18 U.S.C. §§ 875(c) and 2. On July 29, 2016, Yassin filed a motion to dismiss the superseding indictment for vindictive prosecution. For the reasons explained below, Yassin's motion to dismiss the superseding indictment should be denied.

### III. Law and Argument

"A prosecution designed solely to punish a defendant for exercising a valid legal right violates due process." *United States v. Leathers,* 354 F.3d 955, 961 (8th Cir.2004) (citing *Blackledge v. Perry,* 417 U.S. 21, 25–26 (1974)). The defendant bears the burden "to show that the prosecution was brought in order to punish the defendant for the exercise of a legal right." *Id.* The defendant can establish a vindictive or improper motive through "either direct or circumstantial evidence," but the "evidentiary burden is a heavy one, and we are mindful of the broad discretion given to prosecutors in carrying

5

out their duty to enforce criminal statutes." *Id*. The Eighth Circuit has described the ways in which a defendant can meet that burden as follows:

> A defendant can establish prosecutorial vindictiveness through two methods; first, with objective evidence of the prosecutor's vindictive or improper motive in increasing the number or severity of charges. Absent such evidence, a defendant may, in *rare* instances, rely upon a presumption of vindictiveness, if he provides sufficient evidence to show a reasonable likelihood of vindictiveness exists. In determining whether the presumption of vindictiveness applies we examine the prosecutor's actions in the context of the entire proceedings.

*United States v. Williams*, 793 F.3d 957, 963 (8th Cir. 2015) (internal quotations and citations omitted). The defendant's burden to prove a vindictive motive is "especially heavy when the additional charges [are] brought prior to the start of trial." *United States v. Pruett*, 501 F.3d 976, 983 (8th Cir. 2007), *overruled on other grounds*, *Watson v. United States*, 552 U.S. 74 (2007); *see also United States v. Kriens*, 270 F.3d 597, 602 (8th Cir. 2001). Moreover, there is no prosecutorial vindictiveness where the prosecutor revises the charge because of newly discovered evidence or some other objective reason other than to punish the defendant for exercising legal rights. *Campbell*, 410 F.3d at 462.

Vindictive prosecution claims typically arise when the prosecution seeks additional charges at a second trial after the defendant wins an appeal or after the defendant makes a specific showing of animus by the prosecution. Neither of which is present here. Instead, Yassin alleges vindictive prosecution based merely on the timing of a superseding indictment returned prior to trial to claim that the additional charges were sought in retaliation to her filing routine pretrial motions and an interlocutory

6

appeal, none of which were granted. Trying to stretch her claims beyond mere timing, the defendant offers as evidence of vindictiveness only that the Government has not been forthcoming with discovery, but the Government has been candid with the defendant and the Court regarding the discovery issues present when CIPA litigation is required in a case. Defense counsel also asserted that the Government sought and Court granted protective order is a one-sided "gag order." However, the protective order is nothing more than the Government moving for and the Court granting a limited and appropriate limitation of public access to sensitive information contained in discovery. In addition, the defense alleged that the Government's motion for continuance in the declared "complex case" (Doc. 49.) was somehow evidence of vindictiveness. These reasons are insufficient to even suggest, let alone provide object evidence of, vindictive prosecution.

First, Yassin is aware that this case, unlike most cases, deals with the threat of terrorism and is a matter of national security. As such, the discovery information that was collected as a part of the underlying investigation is subject to certain statutory procedures pursuant to the Classified Information Procedures Act ("CIPA"). Such discovery information must be handled accordingly, and the United States worked diligently to file its motion with the Court under CIPA § 4. Conducting the necessary review and obtaining the necessary approvals required the consent of several Executive Branch components, and the trial continuance was not sought for the purpose of dilatory delay, but to account for unique and time intensive discovery issues presented whenever CIPA litigation is required.

7

Secondly, the safeguarding of sensitive discovery information is also the reason a protection order is in place. The Court is aware of the reasons why the protective information is sensitive. (Doc. 44.) The purpose of the protective order is to prohibit and restrict the dissemination of discovery materials to any person other than the defense team in this case. It does not preclude defense counsel from discussing the discovery with his client, and is does not interfere with defense counsel's ability to defend his client.

A. **_Yassin has Failed to Identify Objective Evidence of Vindictive Prosecution, because the Reasons for Superseding Indictment Were Not to Punish Yassin for Exercising a Legal Right._**

In this case, there exists no evidence of any vindictive or improper motive to punish Yassin asserting her legal rights. Yassin is unable to show objective evidence of vindictive prosecution, because the Government's filing of a superseding indictment was motivated by legitimate reasons. The mere fact that the government is superseding does not objectively show that the government's case is vindictive and must be dismissed. If so, it would mean that the government could never supersede. Superseding indictments are a commonplace. Under the law, an indictment does not become vindictive merely by adding a defendant or charges to an existing case. In *United States v. Schwalb*, 83 F.3d 1039, 1040 (8th Cir. 1996), the Court rejected an argument that expanding the case in a superseding indictment shows "vindictiveness."

The grand jury's return of a superseding indictment demonstrates that the additional charges against Yassin are supported by probable cause, and Yassin does not

8

allege that the decision to seek the additional charges is based on an impermissible factor. "An indictment returned by a legally-constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charges on the merits." *Costello v. United States*, 350 U.S. 359, 363 (1956); *United States v. Calandra*, 414 U.S. 338, 345 (1974) (indictment is "not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence). Furthermore, Yassin did not win her interlocutory appeal. Therefore, it may not be said that Yassin is being punished for exercising her legal right.

To prevail on her claim of vindictive prosecution, the defendant "must show bad faith or maliciousness on the part of the prosecutor." *United States v. Scott*, 610 F.3d 1009, 1017 (8th Cir. 2010). The defendant has provided nothing but gross speculation, let alone objective evidence, of any animus or bad faith on the part of the Government in bringing superseding charges that the defendant knew were being considered from the earliest stages in the case, prior to any motion the defendant filed. This fact alone, stated on the record by defense counsel, shows that the defendant's claim that the motions were the reason for a superseding indictment completely fails, and the defendant's motion should be denied.

**B. _Yassin Is Not Entitled to a Presumption of Vindictiveness Based Upon the Pre-Trial Charging Decision of the Prosecution._**

Despite the defendant's suggestion that a presumption of vindictiveness may be available under these facts, the Supreme Court has refused to recognize a presumption where new charges were added pre-trial. *See United States v. Goodwin*, 457 U.S. 368, 384 (1982); *Pruett*, 501 F.3d at 982. While *Goodwin* and *Pruett* specifically hold that there is no presumption where new charges are added after the defendant rejected a plea offer, there is no reason in this case to find a presumption where new charges are added where the defendant knew new charges would be brought, and there is nothing the defendant did to create any appearance of an improper motive for bring additional charges.

Yassin cannot show the prosecution has any particular "stake" in preventing the assertion of her constitutional and procedural rights, and "timing alone is insufficient to trigger the presumption of vindictiveness." *Williams*, 793 F.3d at 963 (citing *Campbell*, 410 F.3d at 462). Yassin's allegations that the additional charges of the superseding indictment were based on her filing legitimate pretrial motions constituting impermissible retaliation has been specifically rejected by the Supreme Court. In the context of pretrial charging decisions, the Supreme Court has cautioned against imposing a presumption of vindictiveness because "[a]t this stage of the proceedings, the prosecutor's assessment of the proper extent of prosecution may not have crystalized . . . a change in the charging

10

decision made after an initial trial is completed is much more likely to be improperly motivated than is a pretrial decision." *Goodwin,* 457 U.S. at 381.

In declining to adopt an "inflexible presumption of prosecutorial vindictiveness in a pretrial setting," the Supreme Court expressed clear support for prosecutorial discretion to increase the stakes of criminal prosecution in a pretrial setting: "A prosecutor should remain free before trial to exercise the broad discretion entrusted to him to determine the extent of the societal interest in prosecution.  An initial decision should not freeze future conduct.  As we made clear in *Bordenkircher*, the initial charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution." *Id*. at 382.

The Government had legitimate reasons for seeking additional charges; thus, there is no objective evidence or presumption of vindictiveness, and Yassin's claim of vindictive prosecution should fail.

## IV.  <u>Conclusion</u>

In light of the discretion that prosecutors are given in performing their duties, the defendant is unable to show the heavy burden that the prosecution is vindictive.  The prosecution of a defendant does not become vindictive merely because the government filed a superseding indictment after she filed routine pretrial motions.

11

Accordingly, the Government respectfully submits the motion to dismiss the superseding indictment for vindictive prosecution (Doc. 78) be denied.

Respectfully submitted,

Tammy Dickinson
United States Attorney

By:
*/s/ Abram McGull II*
Abram McGull II
Assistant United States Attorney
901 East St. Louis Street
Springfield, Missouri 65806
Telephone: (417) 831-4406

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on August 10, 2016, to the CM-ECF system of the United States District Court for the Western District of Missouri, and a copy of the foregoing will be hand-delivered to the defendant at her first appearance before a judicial officer.

*/s/ Abram McGull II*
Abram McGull II
Assistant United States Attorney

12