IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 16-3024-01-CR-S-MDH |
| SAFYA ROE YASSIN, | |
| Defendant. | |

## GOVERNMENT'S SECOND MOTION FOR TRIAL CONTINUANCE
## PURSUANT TO 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv)

Comes now the United States of America, by and through undersigned counsel, and moves this Court pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii) and (iv) to remove this case from the scheduled September 2016 Joint Criminal Trial Docket (Crim. D.E. 42) and continue this case until the February 2017 Joint Criminal Trial Docket, or to any subsequent date deemed appropriate by this Court.

## PROCEDURAL HISTORY AND BACKGROUND

1. On February 17, 2016, a criminal complaint was sworn out before Magistrate Court Judge David Rush alleging a violation of Title, 18 United States Code, Section 875(c).[1] The Magistrate Court found probable cause, and an arrest warrant was issued for the defendant's arrest.

2. On February 18, 2016, the defendant was arrested on the criminal complaint and she had her initial appearance on said date before the Magistrate Court (Crim. D.E. 5).

---

[1] "Crim. D.E." refers to the docket entries in Yassin's underlying criminal Case No. 16-03024-01-CR-S-MDH.

1

3. On February 23, 2016, the Defendant was indicted for transmitting a threatening communication in violation of Title 18, United States Code Section 875(c) (Crim. D.E. 18).

4. On said date, the Defendant was arraigned on the single-count indictment and a detention hearing was held. At the conclusion of the detention hearing the Magistrate Court found by clear and convincing evidence that the defendant is a danger to the community and issued a final Order of Detention on February 26, 2016 (Crim. D.E. 25).

5. On March 7, 2016, the Government filed a motion for a Pre-trial Conference pursuant to the Classified Information Procedures Act (CIPA) because classified material was collected as part of the underlying investigation, which means the Court and counsel are required to treat the classified information as set forth in certain statutory procedures pursuant to CIPA, as well as other applicable rules, statutes, and/or case law (Crim. D.E. 28).

6. The Government, after March 7, 2016, informed counsel for the defendant that the government would not be able to produce certain discovery until after the Court ruled upon the Government's forthcoming motion for a protective order under § 4 of CIPA.

7. On March 17, 2016, the Government emailed Yassin's counsel and informed him that a protective order was needed to prevent the dissemination of discovery outside of the defense team. On said date, the Government provided defense counsel a copy of the proposed Protective Order and also made defense counsel aware, at the time, that the Government had approximately 16,000 pages of discovery that the Government was willing to provide once the protective order was signed.

8. On March 18, 2016, the defendant filed a motion to revoke or amend the Magistrate's Court detention order and sought a *de novo* hearing on the issue of pre-trial detention. The District Court set the detention hearing for April 29, 2016, at 10:00 a.m.[2]

9. On March 23, 2016, the Government emailed and discussed on the phone with defense counsel that the United States National Security Division required that the Protective Order be in place prior to the release of discovery. During the telephone conference with counsel for the Defendant, he offered changes to the proposed Protective Order and the Government willingly made those changes.

10. On said date, the Government provided the Magistrate Court the proposed Protective Order with the changes recommended by the defense counsel.

11. On March 23, 2016, the Court issued the Protective Order (Crim. D.E. 31). Shortly thereafter, the defendant then filed a motion to Rescind and Objections to the Protective Order (Crim. D.E. 33). The Court then stayed the Order and requested that the Government respond to the defendant's objection to the Protective Order within 14 days (Crim. D.E. 32).

12. On March 24, 2016, the Defendant filed a motion to compel the Government to produce discovery without the protective order even though Defendant's objections to the protective order had not been ruled upon by the Magistrate Court.

13. On March 30, 2016, the Government filed its suggestions in opposition to defendant's motion to revoke or amend the Magistrate's Order for Detention (Crim. D.E. 37).

14. On April 14, 2016, the Magistrate Court made a finding that for good cause a Protective Order is necessary and declared defendant's motion to compel discovery without a

---

[2] The District Court originally scheduled the hearing for April 25, 2016, at 2:00 p m. (Crim. D.E. 39) before changing the hearing date to April 29, 2016, at 10:00 a.m. (Crim. D.E. 41).

protective order as moot (Crim. D.E. 45). Shortly thereafter, the Government made its first production of discovery.

15. On April 14, 2016, the Government filed a motion to continue the trial that was set for May 2016 on the basis that the case was unusual or complex and that the failure to grant a continuance would deny the parties reasonable time to prepare (Crim. D.E. 46).

16. On April 21, 2016, the Magistrate Court granted the parties a continuance and declared the case as complex (Crim. D.E. 49). The matter was then moved to the September 2016 trial calendar.

17. On April 29, 2014, the District Court pursuant to the Defendant's motion for a *de novo* hearing on her detention, held an approximately 3.5 hour hearing. The District Court took the matter under advisement and allowed the parties to supplement the record with briefings (Crim. D.E. 53). On that same day, the District Court Judge, Magistrate Court Judge, and the Defense Attorney were given a CIPA § 2 Briefing explaining the unique protocols associated with a case that contains classified information (Crim. D.E. 54).

18. On May 20, 2016, the District Court determined by clear and convincing evidence that the defendant was a danger to the community and there are no conditions or combination of conditions that will assure the safety of the community (Crim. D.E. 61). Shortly after the District Court's order to detain the defendant, she filed her notice of appeal to the Eighth Circuit (Crim. D.E. 62).

19. On June 28, 2016, the Eighth Circuit denied the defendant her request for release pending trial.

20. On July 8, 2016, and without prior notice to the Government, the defendant filed a motion for leave to file motions out of time. (Crim. D.E. 68.) The Government did not oppose

4

that motion, and the Court granted it on July 11, 2016. (Crim. D.E. 69 and 70.) On July 11, 2016, the defendant, pursuant to Fed. R. Crim. P. 12(b)(3), filed a motion to dismiss the indictment against her (Crim. D.E. 71).

21. On July 19, 2016, a federal grand jury returned a superseding indictment against the defendant that essentially charged her with; (1) conspiring to solicit others to commit a crime of violence; (2) transmitting in interstate commerce threatening communications on or about August 24, 2015; and, (3) transmitting in interstate commerce threatening communications on or about October 8, 2015 (Crim. D.E. 73).

22. On July 29, 2016, the defendant filed a motion to dismiss the superseding indictment for vindictive prosecution.

23. On August 1, 2016, the District Court obtained notice of the Government's *ex parte*, under seal motion for a protective order pursuant to CIPA § 4. Because this filing contained classified information, it was filed with the Classified Information Security Officer (CISO) in Washington, D.C., who subsequently provided the District Court with the Section IV filing (Crim. D.E. 81). The Government anticipates that it will file at least one supplemental filing pursuant to CIPA § 4 with the CISO to be provided to the District Court.

24. On August 10, 2016, the Government timely filed its suggestions in opposition to the defendant's motion to dismiss the superseding indictment for vindictive prosecution (Crim. D.E. 82).

25. On August 11, 2016, the Government timely filed its suggestions in opposition to the defendant's motion to dismiss the original indictment (Crim. D.E. 83).

5

## SUPPORTING SUGGESTIONS

26. The defendant's litany of pre-trial motions – seeking to revoke or rescind the protective order; seeking to revoke her detention order; filing an interlocutory appeal for the same; her motion to dismiss the indictment; and her motion to dismiss the superseding indictment – coupled with the government's rigorous review and oversight of its discovery obligation pursuant to CIPA clearly demonstrate the unusual issues associated with this complex case as it was so defined by the Magistrate Court (Crim. D.E. 49).

27. The Eighth Circuit . . . "ha[s] identified factors a district court should weigh when determining whether to grant a continuance. These factors include:

> (1) the nature of the case and whether the parties have been allowed adequate timing for trial preparation;
>
> (2) the diligence of the party requesting the continuance;
>
> (3) the conduct of the opposing party and whether a lack of cooperation has contributed to the need for a continuance;
>
> (4) the effect of the continuance and whether a delay will seriously disadvantage either party; and
>
> (5) the asserted need for the continuance, with weight to be given to sudden exigencies and unforeseen circumstances.

*United States v. Jones,* 662 F.3d 1018, 1024 (8th Cir. 2011) (citing *United States v. Cordy,* 560 F.3d 808, 815-16 (8th Cir. 2009)).

28. Courts have recognized "[a] major complication owing to . . . justifiable delays . . . [is] . . . the invocation of CIPA . . . Implementation of the protections under CIPA is time consuming, but it is necessary before the prosecution can legally comply with its discovery obligations." *United States v. Salad,* 779 F.Supp.2d 509, 514 (E.D.VA. 2011) (citing *United States v. Warsame,* 2007 WL 748281 at *3 (D.Minn. March 8, 2007)).

6

29. As previously noted in the Government's first motion for continuance (Crim. D.E. 46) and made apparent to the defendant, this case has National Security Division oversight that mandates special protocols and procedures pursuant to 18 U.S.C. App. III, or CIPA, in order to safeguard "the government's right to protect classified material in the national interest." *United States v. Mostafa,* 992 F.Supp. 2d 335,337 (S.D.N.Y. 2014) (citing, *United States v. Pappas,* 94 F.3d 795, 799 (2d Cir.1996)).

30. This is a complex case and the Government has already provided to defense counsel at least 20 gigabytes of discovery.[3] There is additional discovery that cannot be produced until after the District Court has made a ruling on the CIPA § 4 filing (Crim. D.E. 81). The Government has worked diligently, and continues to work diligently, to prepare and file its motion for a protective order pursuant to CIPA § 4 and at least one anticipated supplemental CIPA § 4 filing.

31. The United States anticipates using the discovery it will produce to the defendant upon the Court's decision of its § 4 motion in its case-in-chief at trial, and the defendant will need sufficient time to review that discovery to adequately prepare a defense. The Government anticipates a significant volume of additional discovery that the defendant will need to review, which further underscores the complexity of the case and appropriateness of this continuance.

32. A continuance will not disadvantage either party at trial in this case because the amount of time requested is only a few months, and there are no concerns about the unavailability of witnesses or evidence were the continuance to be granted.

---

[3] The 22 gigabytes of data is only the first batch of discovery. More data will be produced once the District Court has reviewed the Government's Section IV filing. The content of the additional discovery is contingent upon the District Court's ruling on the Section IV filing.

33. Counsel for the Defendant has been notified of the Government's request for a continuance and objects to the continuance, even though he is aware that more discovery is forthcoming in this case.

34. This continuance is not sought for purpose of dilatory delay, but is sought so that the parties may be afforded due process of law under the Fifth Amendment to the United States Constitution. In accordance with 18 U.S.C. § 3161(h)(7)(A) and (B)(ii) and (iv), it is submitted in that a continuance outweighs the best interest of the public and the Defendant to a speedy trial, which is required by 18 U.S.C. § 3161(c)(1). In short, this continuance is sought to provide the Government sufficient time to execute its obligations pursuant to CIPA, the Court sufficient time to consider the Government's motion, and the defendant sufficient time to review discovery and adequately prepare a defense once the Court has ruled and the discovery is produced.

35. Under the provisions of 18 U.S.C. § 3161(h)(7)(A), the period of time until the requested criminal trial docket setting should be excluded in computing the period of time in which the Defendant should be brought to trial under the Speedy Trial Act.

WHEREFORE, the Government respectfully requests this Court, pursuant to 18 U.S.C. § 3161(h)(7)(A) and (B), to remove this case from its scheduled trial docket and to continue the case until February 2017, trial docket, or to any subsequent date which this Court deems appropriate.

Respectfully submitted,

By  */s/ Abram McGull II*
Abram McGull II
Assistant United States Attorney
Missouri Bar No. 40553
500 Hammons Tower
901 St. Louis Street
Springfield, Missouri 65806
(417) 831-4406

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on August 16, 2016, to the CM-ECF system of the United States District Court for the Western District of Missouri for filing.

*/s/ Abram McGull II*
_____
Abram McGull II
Assistant United States Attorney