IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 16-3024-01-CR-S-MDH |
| SAFYA ROE YASSIN, | |
| Defendant. | |

## **UNCLASSIFIED PROTECTIVE ORDER**

The Court has before it the government's motion, filed *ex parte*, *in camera*, and under seal, for a Protective Order, pursuant to Section 4 of the Classified Information Procedures Act (CIPA), 18 U.S.C. App. 3, and Fed. R. Crim. P. 16(d)(1), authorizing the government to deny discovery of certain classified material. By its motion, the government requested that the Court, pursuant to CIPA § 4 and Rule 16(d)(1): (1) conduct an *in camera* and *ex parte* review of the government's submission; (2) find that the classified material cited therein need not be disclosed by the government (under any theory of discovery) and authorize the government to deny discovery of said material; and (3) order that the entire text of the motion and all accompanying attachments shall not be disclosed to the defense, and shall be sealed and preserved in the records of the Court to be made available to the appellate court in the event of an appeal.

The Court has carefully reviewed the material submitted in light of the prevailing law and hereby **GRANTS** the government's motion in its entirety. In conjunction with its decision, the Court finds as follows:

The Court finds that the government's motion was properly filed *in camera* and *ex parte* for this Court's review pursuant to CIPA § 4 and Rule 16(d)(1), and the Court has conducted an *in camera* and *ex parte* review of the government's submission. On the basis of the government's submission and the Court's review, the Court finds that none of the material specified in the government's motion is discoverable, as it is not exculpatory and not material to the defense. *See Brady v. Maryland*, 373 U.S. 83 (1976) and its progeny; Fed. R. Crim. P. 16(d)(1). The Court also finds that the "relevant and helpful" standard articulated in *Roviaro v. United States*, 353 U.S. 53 (1957), and *United States v. Smith*, 780 F.2d 1102 (4th Cir. 1985), is the appropriate standard by which to analyze whether classified material is discoverable where, as here, the government has properly invoked the national security and classified information privilege. Under this analysis, the Court finds that none of the classified material referenced in the government's motion is relevant or helpful to the defense. The Court also finds that none of the referenced material is subject to production under the Jencks Act, 18 U.S.C. § 3500, as it does not contain statements of prospective government witnesses.

The Court also finds that the government has properly invoked the national security and classified information privilege. The Court finds that in applying the *Roviaro/Smith* standard, the classified material referenced in the government's motion implicates the government's national security and classified information privilege because the material is properly classified, extremely sensitive, and its disclosure could cause damage to the national security of the United States, and hence, outweighs any defense interest in obtaining or using said material.

Accordingly, **IT IS ORDERED** that:

1. the government is authorized to withhold from discovery to the defense the classified material outlined in this Court's Classified Protective Order in this matter; and

2. the government's Classified Motion, its accompanying attachments, and the Court's Classified Protective Order shall not be disclosed to the defense and shall be **SEALED** and maintained in a facility appropriate for the storage of such classified information by the Classified Information Security Officer, as the designee of the Clerk of Court, in accordance with established security procedures and until further order of the Court.

Dated: September 13, 2016

       */s/ Douglas Harpool*_____
Honorable Douglas Harpool
United States District Judge
Western District of Missouri