IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No.  16-03024-01-CR-S-MDH |
| | ) | |
| SAFYA ROE YASSIN, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO RESCIND OR RECONSIDER PROTECTIVE ORDER

Comes now, Safya R. Yassin, by undersigned counsel, and submits her objections to the Court's Order granting the government's motion pursuant to CIPA, for an order not to deny discovery of classified material.  Ms. Yassin would ask the Court to rescind it's order, and grant discovery, or in the alternative, reconsider it's order and allow limited discovery outlined below.

## SUGGESTIONS IN SUPPORT

On September 14, 2016, this Court issued its order (Docket Entry 90), granting the government's motion to deny certain discovery of classified material pursuant to CIPA.

In this Order, the Court listed out the following reasons for granting the government's motion:  that none of the material specified in the government's motion is discoverable, as it is not exculpatory and not material to the defense (citing *Brady*); that none of the classified material referenced in the government's motion is relevant or helpful

to the defense (citing *Roviaro*); and finally that none of the referenced material contains statement of prospective government witnesses (citing *Jencks*).

For these reasons, the Court found in favor of the government's motion and has denied discovery of certain material.

However, classified information has already been used in Court by the government against Ms. Yassin.

Attachment A is a transcript of the evidentiary hearing this Court conducted on April 29, 2016, in regards to the issue of Ms. Yassin's custody status.

At this hearing, the Court focused on a conversation allegedly between Ms. Yassin and an "Associate" that was put into evidence by the government at this hearing. This is evidenced on pages 124-125 of Attachment A.

Furthermore, this conversation was used again by the Court in its Order denying Ms. Yassin release from custody as evidence of her dangerousness. (Docket Entry 61, page 3-4).

The problem with the use of the evidence, is that is runs counter to the assertion that classified information (that is being denied to the defense), is not material to the defense or relevant or helpful to the defense.

On page 116 of Attachment A, the Court questions the government regarding any examples or instances in which Ms. Yassin had been communicating with people regarding alleged acts of violence:

2

> MR. MCGULL: That's the government's position. We still think she's a threat, that she's encouraging others and that is just as dangerous as someone who has the gun in their hand if you can get them and motivate others to do it. We see that in this day and age now in California.
>
> THE COURT: If you're successful I absolutely agree with you. That's why I asked you if you knew of her ever being successful.
>
> MR. MCGULL: I think that's the situation now in this country.
>
> THE COURT: That's something else I can't tell. These people she's communicating with, are they even in this country? The one person she's communicating with appears to me to be outside the country because she's talking about the difference in the United States versus the overseas.
>
> MR. MCGULL: I can't answer that question here in open court, Your Honor.

The Court references this "Associate" again on page 127-128:

> MR. MCGULL: Yeah. I just want to bring to the Court's attention, that last exchange between you and the defendant was actually from the defendant's phone that we didn't receive until after her arrest.
>
> THE COURT: And the -- that was the associate I think you weren't in a position to tell me who that was, right?
>
> MR. MCGULL: That is correct, Your Honor.

Due to the fact that there has been discovery given to the Court, *ex parte*, which has been reviewed in camera, it is impossible for defense counsel to assess the value of said discovery, however, to claim that classified information in this case is not material to Ms.

3

Yassin has been proven inaccurate in light of the government's, and Court's, previous use of classified information.

In that light, Ms. Yassin would ask the Court to rescind its order, allow undersigned counsel to review the discovery, and if he feels that there is evidence that is material to Ms. Yassin's defense, then undersigned counsel will move the Court to allow use of said discovery.

In the alternative, CIPA does not state that the only remedy for classified information is an outright denial of discovery. Within the statute, there are other paths to discovery that the Court can order, that would not only ensure the protection of classified information, but also protect Ms. Yassin's due process rights.

Specifically, 18 U.S.C. App. III § 4 states that the Court may order the government "to substitute a summary of the information for such classified documents, or to substitute a statement admitting relevant facts that the classified information would tend to prove."

If the Court is not going to allow undersigned counsel, a sworn officer of the Court, to review and examine the information, then allowing a summary of the information that is being denied would, at the very least, provide some measure of due process for Ms. Yassin.

WHEREFORE, Ms. Yassin moves that the Court rescind its Order, allow undersigned counsel to examine the information for materialness, or in the alternative,

4

order the government to prove a summation of the evidence that is being denied, or for any other remedy the Court deems proper.

        Respectfully submitted,

        */s/ Ian A. Lewis*
        **IAN A. LEWIS, #52819**
        Assistant Federal Public Defender
        901 St. Louis Street, Suite 801
        Springfield, Missouri 65806
        (417) 873-9022
        Attorney for Defendant

September 21, 2016

## CERTIFICATE OF SERVICE

    I hereby certify that on this 21st day of September, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants in this case, and a copy was mailed, via the United States Postal Service, to all non-CM/ECF participants.

        */s/ Ian A. Lewis*
        **IAN A. LEWIS**

5

Case 6:16-cr-03024-MDH   Document 91   Filed 09/21/16   Page 5 of 5