# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | No. 16-3024-01-CR-S-MDH |
| | ) | |
| SAFYA ROE YASSIN, | ) | |
| | ) | |
| Defendant. | ) | |

## RESPONSE TO GOVERNMENT'S SUGGESTIONS IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS SUPERSEDING INDICTMENT (DOCKET ENTRY 98)

COMES NOW Defendant, Safya Roe Yassin ("Defendant"), and submits her response to the government's Sur-reply in Opposition to Defendant's Motion to Dismiss Indictment, Docket Entry 98, (herein after "government's Sur-reply"):

## SUGGESTIONS IN SUPPORT

The focal point of the government's Sur-reply appears to be that it believes that the government does not have to allege that the Defendant herself intended to make a threat. The government, on page 8 of docket entry 98, makes the following incorrect argument without any legal authority that "In short, the defendant attempts, without legal authority, to graft onto § 875(c) the additional element that the threat must be about something that the defendant, herself intends to do. This is not required."

At each step of this case, the government has failed to recognize the legal importance of the circumstances upon which it is attempting to rely. The statements alleged are admitted by the government to be "retweets" and not the original statements of

1

the Defendant, nor are they under any reasonably objective interpretation a statement of a true threat by her.

As the Eighth Circuit Court of Appeals and other Circuit Courts have held, the context of the alleged threat is important to the analysis of whether something is subject to prosecution as a "true threat" by the defendant charged. As the Court in *United States v. Dinwiddie*, 76 F.3d 913, 925 n. 9 (8th Cir. 1996) (citing *United States v. Bellrichard*, 994 F.2d 1318, 1319-1324 (8th Cir. 1993) held:

> If a defendant's repetition of a third party's threat is reasonably interpreted as a simple disclosure of the existence of the threat for informational purposes, no illegality has occurred. If, on the other hand, a defendant's repetition of a third party's threat is reasonably interpreted as communicating the defendant's *own* intent, purpose, or goal to "kill, injure, or intimidate any individual or unlawfully to damage or destroy any building, vehicle, or other real or personal property by means of fire or an explosive," the defendant has violated 18 U.S.C. § 844(e). In the latter scenario, the defendant has effectively adopted the third party's threat as his own. There is no requirement that the defendant convey an intent to carry out the threatened conduct himself.

"A true threat 'conveys a gravity of purpose and likelihood of execution so as to constitute speech beyond the pale of protected vehement, caustic unpleasantly sharp attacks on government and public officials.'" *Nielander v. Board of County Commissioners of County of Republic, Kansas,* 582 F.3d 1155, 1168 (quoting *United States v. Crews,* 781 F.2d 826, 832 (10th Cir.1986) (alterations and internal quotations omitted)). In *Dinwiddie,* the Eighth Circuit Court of Appeals recognized that numerous factors are relevant to this inquiry, including:

> the reaction of the recipient of the threat and of other listeners, whether the threat was conditional, whether the threat was communicated directly to its victim, whether the maker of the threat had made similar statements to the victim in the past, and whether the victim had reason to believe that ***the maker of the threat had a propensity to engage in violence***. This list is not exhaustive, and the presence or absence of any one of its elements need not be dispositive.

76 F.3d at 925, (Emphasis added).

Statements which are "… made in jest, [or] communicated to a large audience, or political in nature, or conditioned on an event that would never happen" are statements more likely to be found to be protected speech rather than a true threat. *United States v. McDonald,* 444 Fed. Appx. 710, 713 (4th Cir.2011).

The context of the alleged speech here is a retweet of another's statement. It was not endorsed, it was not directly delivered to a person or alleged victim by this Defendant, and there is nothing from the context or circumstances to substantiate that Ms. Yassin had a propensity herself for any violent behavior. Moreover, as to those that heard it or read it, even the government has admitted at pretrial hearings that months passed after government agents knew of the alleged retweets by the Defendant before they even attempted to take her into custody. Thus, law enforcement working the matter, pre-case filing, clearly did not see Ms. Yassin as someone who was an imminent threat to anyone.

At the detention hearing in this matter, it was made clear that the government lacked any evidence that Ms. Yassin, herself, made threatening statements. Moreover, the government has admitted at a pretrial hearing, when asked by the Court, that there is not any evidence of actions on Ms. Yassin's part that would be violent or indicative of

3

Case 6:16-cr-03024-MDH   Document 100   Filed 10/26/16   Page 3 of 5

preparing or carrying out any such type of alleged threat.

## CONCLUSION

Based upon a review of the four corners of the Indictment and Superseding Indictment and the legal principles to be applied, the allegations in the government's Indictment and Superseding Indictment are not limited to categories of speech that fall outside of First Amendment protection—obscenity, fraud, defamation, true threats, incitement or speech integral to criminal conduct. Because this alleged speech does not fall into any of the recognized exceptions, such is not subject to criminal prosecution by the government and the Indictment and Superseding Indictment must be dismissed as a matter of law.

Respectfully submitted,

*/s/ Ian A. Lewis*
**IAN A. LEWIS, #52819**
Assistant Federal Public Defender
901 St. Louis Street, Suite 801
Springfield, Missouri 65806
(417) 873-9022
Attorney for Defendant

October 26, 2016

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of October, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent e-mail notification of such filing to all CM/ECF participants in this case and a copy was mailed, via the United States Postal Service, to all non-CM/ECF participants.

*/s/ Ian A. Lewis*
**IAN A. LEWIS**